NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 6 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ETOPIA EVANS, as the Representative of the Estate of Charles Evans; ERIC KING; ROBERT MASSEY; TROY SADOWSKI; CHRISTOPHER GOODE; DARRYL ASHMORE; GERALD WUNSCH; ALPHONSO CARREKER; STEVEN LOFTON; DURIEL HARRIS; JEFFREY GRAHAM; CEDRIC KILLINGS; REGINALD WALKER, | No. 17-16693 D.C. No. 3:16-cv-01030-WHA MEMORANDUM* |
| Plaintiffs-Appellants, | |
| v. | |
| ARIZONA CARDINALS FOOTBALL CLUB, LLC; ATLANTA FALCONS FOOTBALL CLUB LLC; BUCCANEERS, LP; BUFFALO BILLS, INC.; CHARGERS FOOTBALL COMPANY LLC; CINCINNATI BENGALS, INC.; CLEVELAND BROWNS FOOTBALL COMPANY, LLC; DALLAS COWBOYS FOOTBALL CLUB, LTD.; FOOTBALL NORTHWEST LLC, DBA Seattle Seahawks; FORTY NINERS FOOTBALL COMPANY LLC; GREEN BAY PACKERS, INC.; HOUSTON NFL HOLDINGS, LP, DBA Houston Texans; INDIANAPOLIS COLTS, INC.; JACKSONVILLE JAGUARS LLC; | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

KANSAS CITY CHIEFS FOOTBALL
CLUB, INC.; MIAMI DOLPHINS, LTD.;
MINNESOTA VIKINGS FOOTBALL
CLUB, LLC; NEW ENGLAND PATRIOTS
LLC; NEW ORLEANS LOUISIANA
SAINTS, LLC; NEW YORK FOOTBALL
GIANTS, INC.; NEW YORK JETS, LLC;
PDB SPORTS LTD., DBA Denver Broncos;
PANTHERS FOOTBALL, LLC, DBA
Carolina Panthers; PHILADELPHIA
EAGLES LLC; PITTSBURGH STEELERS
SPORTS, INC.; PRO-FOOTBALL, INC.,
DBA Washington Redskins; TENNESSEE
FOOTBALL, INC.; CHICAGO BEARS
FOOTBALL CLUB, INC.; THE DETROIT
LIONS, INC.; OAKLAND RAIDERS, LP;
THE LOS ANGELES RAMS LLC;
BALTIMORE RAVENS, LP,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted December 19, 2018
San Francisco, California

Before: CALLAHAN, N.R. SMITH, and MURGUIA, Circuit Judges.

This case arises from a suit brought by former players and the estate of a

former player of the National Football League ("NFL"), accusing the NFL of

perpetuating a "return-to-play" scheme in which players were allegedly

administered numerous medications and pressured to continue playing, despite

having suffered physical injuries that had yet to fully heal.[1] After filing their initial complaint, plaintiffs amended their complaint in November 2016 to include a cause of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The district court subsequently dismissed plaintiffs' RICO claim as time barred and entered a final judgment.[2] Plaintiffs appealed.[3] A district court's dismissal on statute of limitations grounds is reviewed *de novo*. *Donoghue v. Orange Cty.*, 848 F.2d 926, 929 (9th Cir. 1989). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The statute of limitations for a civil RICO claim is four years. *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996). Plaintiffs argue that their civil RICO claim was timely because their RICO claim did not begin to accrue until March 2014 when plaintiffs allegedly first learned of defendants' fraudulent scheme (*i.e.*, that their claims are subject to the injury and pattern discovery rule). Plaintiffs' argument is barred by the Supreme Court's holding in *Rotella v. Wood*, 528 U.S. 549, 555 (2000). In *Rotella*, the Court rejected the "injury and pattern discovery"

---

[1] We assume the parties' familiarity with the facts and procedural history.

[2] The district court dismissed all of Plaintiffs' other claims on Defendants' motions to dismiss and for summary judgment.

[3] Plaintiffs failed to raise in their opening brief any arguments concerning the dismissal of their conspiracy claim, and accordingly, we deem such arguments waived on appeal. *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1129–30 (9th Cir. 2012) (citations omitted).

rule instead holding, "we have been at pains to explain that a discovery of the *injury*, not discovery of the other elements of a claim, is what starts the clock [for civil RICO claims]." *Id.* (emphasis added).

Even prior to *Rotella*, this Circuit has applied the "injury discovery" rule, which provides that "the civil RICO limitations period begins to run when a plaintiff knows or should know of the injury that underlies his cause of action." *Grimmett*, 75 F.3d at 510 (internal quotation marks and citation omitted); *see also Pincay v. Andrews*, 238 F.3d 1106, 1109 n.3 (9th Cir. 2001) (noting that *Rotella* "left our 'injury discovery' rule intact."). Here, plaintiffs knew, or should have known, of their primary business injury—that their careers had been "cut short"—when their respective playing careers ended. All seven RICO plaintiffs alleged that their careers ended prematurely after suffering significant physical injuries. Because the most recent plaintiff's NFL career ended in 2004 (Jerry Wunsch's career), plaintiffs' RICO claim expired at the latest in 2008, approximately eight years before plaintiffs amended their complaint to include a RICO claim. The possibility that plaintiffs may have discovered their allegedly diminished post-NFL business prospects after 2004 does not render plaintiffs' RICO claim timely. *See Grimmett*, 75 F.3d at 512–14 (limitations period begins to run as soon as plaintiff suffers any business injury unless a "new" injury is caused by a "new and independent" act within the four-year limitations period).

Plaintiffs cite *Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, a post-*Rotella* case, for the proposition that a civil RICO claim instead begins to accrue when a plaintiff has actual or constructive knowledge of the fraud rather than the injury. *See* 431 F.3d 353, 365 (9th Cir. 2005). However, *Living Designs* is distinguishable. In that case, it was not until plaintiffs discovered defendant's fraud that they discovered their injury. *See id.* at 364 ("The harm Plaintiffs allege is fraudulent inducement . . . ."). In this case, plaintiffs knew of their injury—that their careers had been "cut short"—as soon as their careers ended due to physical injuries.  Therefore, the district court properly dismissed plaintiffs' RICO claim as time barred.

Plaintiffs also argue that their RICO claim should be equitably tolled due to Defendants' fraudulent concealment. To establish equitable tolling, a plaintiff must plead with particularly that the defendant actively misled her, and that she had neither actual nor constructive knowledge of the facts constituting her RICO claim despite her due diligence in trying to uncover those facts. *Grimmett*, 75 F.3d at 514. Here, plaintiffs failed to allege any facts, let alone with particularity, that they exercised due diligence in trying to uncover the facts giving rise to their RICO claim. Plaintiffs' argument that defendants' doctors and trainers engaged in "passive conduct," namely the failure to disclose the consequences of taking various medications, which concealed from plaintiffs the existence of their RICO

5

claim, likewise fails. Plaintiffs' amended complaint is replete with allegations demonstrating plaintiffs' knowledge of the facts on which their RICO claim is based, such as the receipt of pills on airplanes, in unmarked containers, and without prescriptions. Accordingly, plaintiffs' RICO claim is untimely, and equitable tolling is not warranted.[4]

**AFFIRMED.**

---

[4] Plaintiffs' motion to supplement the record (No. 24) is DENIED as moot.